IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-8-1H
No. 7:16-CV-168-H

WILLIE ANTWINE MILLANDER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. [DE #33, #35, and #39]. The government moved to dismiss, [DE #58], petitioner replied, [DE #60], and the time for further filing has expired. Petitioner's motion for leave to amend/correct his motion to vacate, [DE #52], is GRANTED, and the court has considered petitioner's amendment, [DE #53]. Petitioner has also filed a motion to appoint conflict counsel. [DE #51]. Additionally, petitioner has twice requested entry of default against respondent. [DE #55 and #56]. This matter is ripe for adjudication.

## BACKGROUND

On May 7, 2010, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to carrying and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) (Count Two). [DE #23]. On August 10,

2010, the court sentenced petitioner to a total term of imprisonment of 132 months. [DE #27-2 at 1]. Petitioner did not appeal. On or about June 20, 2016, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE #33, #35, and #39]. Petitioner moved to vacate in light of Johnson v. United States, 235 S. Ct. 2551 (2015), arguing that he no longer has qualifying predicate offenses to be sentenced as a career offender under the United States Sentencing Guidelines ("USSG") §§ 4B1.1 and 4B1.2. Petitioner also argues ineffective assistance of counsel at the time of his entry of his plea and appeal. [DE #33, #35, #39, #53].

**COURT'S DISCUSSION**

**I.   Motion to Vacate, [DE #33, #35, #39, and #53]**

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was sentenced as a career offender under USSG § 4B1.1, and not under the ACCA.

2

Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on August 17, 2010. Petitioner did not file an appeal, and therefore his judgment became final on the date his judgment of conviction was entered, "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The court notes petitioner's § 2255 motion was not filed until June 20, 2016, well more than one year after the judgment became final. Therefore, petitioner's motion is untimely and must be dismissed.

### II. Motion to Appoint Conflict Counsel, [DE #51] and Request for Entry of Default, [DE #55 and #56]

For lack of good cause shown, petitioner's motion to appoint conflict counsel, [DE #51], and requests for entry of default is, [DE #55 and #56], are DENIED.

### CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #58], is GRANTED. Petitioner's motions, [DE #33, #35, #39, and #53], are DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28

3

U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 12th day of July 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35